UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DEAN L. WEST,

    Plaintiff,

v.                                  CASE No. 8:11-CV-2610-T-23TGW

JOHN MAKINEN AND
JANET MAKINEN

    Defendant.

_____

## REPORT AND RECOMMENDATION

This cause came on for consideration upon the plaintiff's Motion to Proceed In Forma Pauperis pursuant to 28 U.S.C. § 1915 (Doc. 2). The plaintiff alleges that the defendants have "threatened and harassed and defamed [him] for over two years....[and]...are attempting to trademark the name of a non-profit Foundation [he] founded, "The Myria Foundation" dba "The Encyclopedia Foundation" (Doc. 1, p. 1). Because the pleading is procedurally and substantively deficient, I recommend that the plaintiff's complaint be dismissed.

Under 28 U.S.C. 1915(a)(1), the court may authorize the filing of a civil lawsuit without prepayment of fees if the affiant submits an affidavit that includes a statement of all assets showing an inability to pay the filing fee, and a statement of the nature of the action which shows that he is entitled to redress. Even if the affiant proves indigency, the case shall be dismissed if the action is frivolous or malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. 1915(e)(2)(B)(i), (ii).

The plaintiff's complaint is a rambling, disjointed document that does not comply with the Federal Rules of Civil Procedure. It does not contain a short plain statement of the claim, or adequately identify the legal bases for the lawsuit and this court's jurisdiction, much less delineate the alleged causes of action into counts with the pertinent facts supporting each claim. See Rules 8(a), 10(b), F.R.Civ.P. Thus, as best as can be discerned, the plaintiff alleges trademark infringement, and possibly state law claims, such as defamation. None of his claims is set forth in counts, identifies the governing law, or sets forth the pertinent facts comprising the essential elements of any claim for relief. Moreover, the plaintiff seeks relief that is

not available in this court, such as a "Civil Stalking Protective Order" (Doc. 1, p. 2).

In sum, even construing the plaintiff's complaint liberally, Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998), the plaintiff's complaint is procedurally deficient and fails to state a claim on which relief may be granted. Accordingly, the complaint should be dismissed. See 28 U.S.C. 1915(e)(2)(B)(ii). In this circumstance, however, it is appropriate to permit the plaintiff to file an amended complaint. See Troville v. Venz, 303 F.3d 1256, 1260 n.5 (11th Cir. 2002)(§1915(e)(2)(B)(ii) dismissal does not allow the district court to dismiss an in forma pauperis complaint without allowing leave to amend as permitted under Rule 15, F.R. Civ. P.). I therefore recommend that the complaint be dismissed, but allow the plaintiff to file within thirty days an amended complaint that complies with the Federal Rules of Civil Procedure.

Respectfully submitted,

*/s/ Thomas G. Wilson*

THOMAS G. WILSON
DATED: Nov. 29, 2011   UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal. 28 U.S.C. 636(b)(1).